UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS M. JACKSON, of the family Yahweh, the Creator, See Genesis 1:1, a Man only created in the image of Yahweh, Genesis 1:26, Sovereign Citizen of Heaven, Philippines 3:20, Sovereign Ambassador, II Corinthians 5:20, a divine Prophet of Yahweh and King, et al. aka Douglas Marshall,

      Plaintiff,

v.                      Case No: 2:17-cv-321-FtM-99MRM

FLORIDA DEPARTMENT OF CORRECTIONS, (FDOC), JULIE L. JONES, JOHNNY FRAMBO, DESOTO CORRECTIONAL INSTITUTION ANNEX, PATRICK MURPHY, LORI NORWOOD, and SEVERYN KOVALYSHIN,

      Defendants.

## ORDER OF DISMISSAL

Presently before the Court is Plaintiff Douglas M. Jackson's ("Plaintiff's") amended civil rights complaint (Doc. 16, filed July 31, 2017). For the reasons given in this Order, the amended complaint is **DISMISSED** without prejudice due to Plaintiff's failure to comply with Court orders and for his abuse of the judicial process. Alternatively, the amended complaint is

**DISMISSED** under 28 U.S.C. § 1915A as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

## Complaint

This action was initiated on June 12, 2017, when a 107-page civil rights complaint was filed in this Court (Doc. 1). The plaintiff or plaintiffs identified themselves on the first page of the complaint as "Douglas-Marshall, of the family Yahweh, the Creator, See Genesis 1:1, a 'Man' only created in the image of Yahwah, Genesis 1:26, Sovereign Citizen of Heaven, Philippians 3:20, Sovereign-Ambassador, II Corinthians 5:20, a divine Prophet of Yahweh and King and Priest, Proverbs 31: 1-2, Original African-Hebrew 'Chosen People', Deuteronomy 7:6, and Overseer of Yahwah's divinely created and called Religious Assembly of Afrocentric Bayith Yahweh Yahdaim African Hebrews (Abyyah) African Tribal Culture Community Members of the Book of Yahweh, Plaintiffs" (Doc. 1 at 1). Although generally incoherent, the complaint appeared to allege that the Florida Department of Corrections refused to allow certain prisoners to freely practice their religion. However, a review of the website for the Florida Department of Corrections ("FDOC") indicated that nobody with the listed name, or with the name "Douglas Marshall," was currently incarcerated by the FDOC.[1]

---

[1] See http://www.dc.state.fl.us/activeinmates/search.asp

The Clerk of Court found the name "Douglas Marshall Jackson" and DOC prisoner number "823916" on an attachment to the original complaint (Doc. 1 at 94). A prisoner with that name and number is currently incarcerated at the Desoto Annex in Arcadia Florida. Accordingly, the pleading was filed with "Douglas Marshall Jackson" listed as the plaintiff. A Public Access to Court Electronic Records ("PACER") review revealed that Jackson has filed at least 165 cases in federal court under the names of "Douglas M. Jackson" or "Douglas Marshall." Moreover, the Supreme Court of Florida has banned Jackson from filing *pro se* actions in the Florida state courts because of the volume and generally abusive nature of his litigation. Jackson v. Fla. Dep't of Corr., 790 So. 2d 398 (Fla. 2001).

On June 13, 2017, the Court ordered Plaintiff Jackson to file an amended complaint on the Court's standard civil rights form (Doc. 4). The Court explained that the standard form was required so that "it can more efficiently manage prisoner litigation and determine, among other things, whether the complaint is related to other cases. Identification of related litigation frequently enables the Court to dispose of a successive case without further expenditure of finite judicial resources." Id. Plaintiff objected to the Order to amend on the grounds, *inter alia*, that he did not want to be identified as Douglas M. Jackson; he was not a

prisoner; and this case was not brought under 42 U.S.C. § 1983 (Doc. 8).

The objection was overruled (Doc. 12). The Court noted that, as written, the original complaint did not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure by containing a short and plain statement of the claim showing that the pleader is entitled to relief. The Court also concluded that the complaint was subject to dismissal as frivolous, malicious, or for failure to state a claim upon which relief may be granted. <u>Id.</u> The Court determined that Jackson was currently serving a life sentence for his conviction on five counts of first-degree murder, which indicated that, notwithstanding his assertions otherwise, he is a prisoner, and subject to the PLRA. <u>Id.</u> The Court also noted that Plaintiff raised First Amendment 42 U.S.C. § 1983 claims as well as Religious Land Use and Institutionalized Person ("RLUIPA") claims. <u>Id.</u> Plaintiff was provided an extension of time to file an amended complaint. It was explained that:

> The complaint shall not exceed 25-pages in length and shall not contain drawings, annotations, unexplained sentence fragments, or citation to any legal authority or religious texts. Rather, the amended complaint must contain only a short and plain statement showing how Plaintiff believes he is entitled to relief. **Plaintiff must also apprise this Court of all prior actions he has filed in federal or state court, and his failure to honestly do so <u>will</u> subject his amended complaint to dismissal for abuse of the judicial process.**

(Doc. 12 at 3) (emphasis added). Plaintiff was cautioned that the Court would only consider the first 25 pages of his amended complaint. Id. at n.4.

**Amended Complaint**

Despite the Court's warning and page limit, Plaintiff Jackson filed a 36-page amended complaint on July 31, 2017, under the name "Douglas-Marshall, a 'Man' of the family Yahwah, etc., (see page 2 Attached)." He signed the complaint as "Douglas-Marshall" (Doc. 16 at 35). The amended complaint is replete with drawings, annotations, unexplained sentence fragments, and numerous citations to legal authority and religious texts. Moreover, Plaintiff returned only a portion of the standard pre-printed civil rights form, choosing to scratch through or delete the portions he did not want to complete, including the portion identifying prior complaints. Despite two separate warnings that he must provide the court with an accounting of his prior litigation, Plaintiff neither complied, nor explained his failure to do so. For this reason alone, Plaintiff's amended complaint will be dismissed. See Fed. R. Civ. P. 41(b); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (recognizing that a dismissal under Rule 41(b) upon disregard of an order, especially where the litigant has been warned, is not an abuse of discretion).[2]

---

[2] The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless

## Prior Complaints

That Plaintiff's disregard of this Court's orders was not inadvertent is underscored by a review of a small fraction of his prior filings in federal court. The District Court for the Northern District of Florida has admonished Plaintiff on at least two separate occasions that he must use his legal name on his complaints. See NDFL Case Nos. 4:08cv417-MP/WCS; 4:08-cv-417-MP-WCS. In both cases, the Court dismissed Plaintiff's claims as malicious and sanctioned him $350.00, in part for failing to use his real name on pleadings. Id. In the 2008 case, Plaintiff was fined an additional $100. In addition, Plaintiff was told that any future filing in federal district court "**must be filed under**

---

obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources. Indeed, in the instant case, Plaintiff had already filed these same claims in the Orlando Division of the District Court for the Middle District of Florida, yet he failed to alert this Court to that fact. As a result, this Court was forced to spend considerable time and resources researching Plaintiff's litigation history. In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011).

**Plaintiff's legal name**" and must include a statement that he is barred from proceeding pro se in federal court absent imminent danger of serious physical injury. See Case NDFL No. 4:08-cv-417-MP-WCS at docket 48 (emphasis added). In the instant case, neither Plaintiff's original complaint (Doc. 1), nor his amended complaint (Doc. 16), were filed under Plaintiff's legal name and neither contained the phrase ordered by the Northern District of Florida.

More recently, on February 7, 2017, Plaintiff filed a virtually identical complaint as the instant one in the Orlando Division of the District Court for the Middle District of Florida. See Case MDFL No. 6:17-cv-255-ACC-DCI (Orlando Case). On March 3, 2017, the Orlando Case was dismissed by the Honorable Anne C. Conway for several reasons, the first being that Plaintiff had lied about his name in his pleadings by signing them as "Douglas Marshall":

> First, Plaintiff Marshall filed and signed the Complaint under penalty of perjury using the name Douglas Marshall. According to the Florida Department of Correction ("FDOC") website, no such individual is in the custody of the FDOC. Instead, the individual with the inmate number associated with this person is Douglas Marshal Jackson. "Rule 10(a) requires that the name of the parties be disclosed in the complaint; Rule 11 forbids lying in pleadings, motions, and other papers filed with the court; and Rule 41(b) provides for dismissal with prejudice as the ultimate sanction for violation of the rules." See Zocaras v. Castro, 465 F.3d 479, 484-85 (11th Cir. 2006) (affirming dismissal of case with prejudice and stating "[b]ecause courts must

> be able to preserve the integrity of the judicial process, we have no hesitation in concluding that a party who files suit under a false name and proceeds with that deception right up to trial loses the right to seek judicial relief for the claims he was advancing.") (citing Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 11; Fed. R. Civ. P. 41(b)).

Orlando Case at docket 16. Judge Conway specifically cautioned Plaintiff that if he decided to initiate another action, he should "use his legal name (Douglas Marshal Jackson) and complete a standard civil rights form that contains a short brief statement of his claims." Id. Despite this warning, Plaintiff neither used his legal name, nor completed a standard civil rights form when he initiated the instant suit. Again, Plaintiff's failure to comply with Court orders justifies dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

## 28 U.S.C. § 1915A

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee). On initial screening of a prisoner complaint, only

- 8 -

"cognizable claims" may be allowed to proceed. 28 U.S.C. § 1915A(b).

In Plaintiff's Orlando Case, Judge Conway concluded that Plaintiff's complaint consisted of a "rambling and confusing litany of largely unintelligible statements that seemingly serve no legal purpose." Id. Likewise, in the instant amended complaint, Plaintiff has filed nonsensical pleadings suggesting that this Court lacks jurisdiction over him. For example, on page 6 of his amended complaint, Plaintiff asserts:

> This is a **"Religious"** cause of action and, at <u>all</u> times during this cause of action before the Court, the living breathing, flesh and blood, living soul **'Man'** Douglas-Marshall, d/b/a/ A 'Prophet' of Yaweh, Private-Man, Private-Citizen and Sovereigh-Citizen ('We the People') shall be a 'Man' created by Almighty Yahweh, the Creator, **<u>see Genesis 1:26-27, The Book of Yahweh, The Holy Scriptures</u>**, shall at <u>**NO**</u> time during these legal proceedings before the Court be unlawfully converted into a <u>non</u>-party **Man-Made** Statutory – created, Congress – created or, Legislative – created <u>fraudulent or fictitious</u> party Plaintiff, i.e.:
>
> **(a) Person/PERSON!**
> **(b) Inmate/INMATE!**
> **(c) Prisoner/PRISONER!**
> **(d) DC Number/DC NUMBER!**
> **(e) Defendant/DEFENDANT!**
> **(f) Human/HUMAN!**
> **(g) Individual/INDIVIDUAL!**
> **(h) Suspect/SUSPECT!**
> **(i) Convict/CONVICT!**
> **(j) Etc/ETC!**
>
> That plaintiff Douglas-Marshall, Yahweh's Son, A <u>'Man'</u> is absolutely <u>none</u> of the

> 'Fictions' above!!! Every one of the
> foregoing is a Man-Made FRAUDULENT "IDOL" or
> "FICTION"!!! They do NOT apply to the "MAN"
> Plaintiff!!! See Sovereignty Contract and
> the Declaration of Status Contract that 100%
> exist between the Parties and are envoked
> that 100% exist between the Parties and are
> envoked [sic] Legal Defenses before this
> Federal Court and through these Court
> Proceedings!!!

(Doc. 16 at 6) (emphases and underlining in original). When confronted with similar statements in the Orlando pleadings, Judge Conway concluded that:

> [I]t appears Plaintiff Marshall may be
> attempting to raise a claim that Defendants do
> not have jurisdiction over the members of
> ABYYAH in relation to their criminal
> convictions and that the members of ABYYAH are
> not subject to the laws of Florida and the
> United States of America. See id. at 5-10.
> However, such claims are frivolous and may not
> proceed. United States v. Benabe, 654 F.3d
> 753, 767 (7th Cir. 2011) ("Regardless of an
> individual's claimed status of descent, be it
> as a 'sovereign citizen,' a 'secured-party
> creditor,' or a 'flesh-and-blood human being,'
> that person is not beyond the jurisdiction of
> the courts. These theories should be rejected
> summarily, however they are presented.");
> Akbar v. Clarke, No. 1:15cv338, 2016 WL
> 4150456, at *7 (E.D. Va. Aug. 1, 2016) (noting
> that sovereign citizen claims are "wholly
> frivolous").

Orlando Case at docket 16. The undersigned also concludes that Plaintiff attempts to reject the jurisdiction of this Court by raising claims as a "sovereign citizen." Accordingly, in addition to being subject to dismissal under Rule 41(b), Plaintiff's complaint is dismissed as frivolous, malicious for failure to state

a claim under 28 U.S.C. § 1915A(b)(1); <u>United States v. Sterling</u>, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject "sovereign citizen" claims as frivolous).

Finally, Plaintiff has filed multiple pleadings and "motions" that seemingly re-argue or add arguments to support the seventy counts already alleged in his amended complaint (Doc. Nos. 6, 7, 10, 11, 13, 14, 15, 17, 18, 21). A complaint must name the appropriate parties to an action and include a <u>brief</u> statement of facts to support each count instead of relying on supplemental pleadings. A plaintiff may not amend in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The instant action is **DISMISSED** without prejudice for Plaintiff's failure to comply with Court orders and for Plaintiff's abuse of the judicial process. Alternatively, the complaint is **DISMISSED** under 28 U.S.C. § 1915A as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

2. Any future complaint filed by Plaintiff in this Court must be filed under his legal name and must identify his full litigation history. **Failure to comply may result in the imposition of sanctions, including, but not limited to, the**

**immediate dismissal of the complaint without further consideration of Plaintiff's claims.**

3. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   31st   day of August, 2017.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Douglas M. Jackson